**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                )
JOHN PAUL ANTONIO,               )
                                                )
       Plaintiff,                        )
                                                )
v.                                             )         Civil Action No. 11-10185
                                                )
WACKENHUT SERVICES, INC., and )
ARMOR GROUP NORTH AMERICA, )
                                                )
       Defendants.                   )
_____ )

**COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF
REQUESTED, AND JURY DEMAND**

**I.     INTRODUCTION.**

     1.     This is an action brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12112, and the Massachusetts anti-discrimination law, Mass. Gen. L. c. 151B § 4(16), challenging the actions of the Defendants in refusing to hire Plaintiff John Paul Antonio to serve as an Emergency Medical Technician in Kabul, Afghanistan because of his disability, Type II (non-insulin dependent) diabetes.  As set forth below, Plaintiff John Paul Antonio received an offer of employment with the Defendants to work as an Emergency Medical Technician in Kabul, Afghanistan.  During the security clearance process, the Defendants then rescinded the offer of employment because of Plaintiff Antonio's diabetes, despite the fact that Plaintiff Antonio's diabetes is controlled and he could have performed the functions of the position with or without reasonable accommodation.  Defendants' actions constitute a violation of the Americans with Disabilities Act and the Massachusetts anti-discrimination law.  The plaintiff seeks

instatement in the position, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief that the Court may deem appropriate.

## II.     PARTIES.

2.     The plaintiff, John Paul Antonio, is an adult resident of Westminster, Massachusetts.  The plaintiff suffers from Type II (non-insulin dependent) diabetes, which he manages with exercise, diet, and medication.

3.     The defendant Wackenhut Services, Inc. is a foreign corporation with its principal offices in Palm Beach Gardens, Florida.  Wackenhut Services, Inc.  Defendant Wackenhut Services, Inc. is an "employer" for purposes of the federal and Massachusetts anti-discrimination laws.

4.     The defendant ArmorGroup North America is a foreign corporation with its principal offices in Arlington, Virginia.  Defendant ArmorGroup North America is an "employer" for purposes of the federal and Massachusetts anti-discrimination laws.

## III.    JURISDICTION AND VENUE.

5.     This Court has general federal question jurisdiction pursuant to 28 U.S.C. §1331, because Plaintiff has brought a claim pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12112.  The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this court pursuant to 28 U.S.C. § 1391 because both defendants are corporations that are subject to personal jurisdiction in Massachusetts and because a substantial part of the events or omissions giving rise to Plaintiff's claims arose in Massachusetts.

## IV. STATEMENT OF FACTS.

### A. Diabetes control and past employment

7. Antonio has had Type II (non-insulin dependent) diabetes since 2005.

8. Antonio has always used diet, exercise, and medication to control his diabetes and has never been insulin-dependent.

9. Antonio's diabetes has always been well controlled, and he has never had a hypoglycemic episode.

10. Antonio has extensive employment experience in the medical field.

11. He has worked as a paramedic for more than twenty years, both for municipal fire departments and for private ambulance services around Massachusetts.

12. Antonio also has overseas employment experience.

13. For approximately two years, Antonio has been employed by Frontier Medical Services, a British company, as a remote medic on research oil vessels in the Gulf of Mexico.

14. In his position with Frontier Medical Services, Antonio has served numerous stints of over one month each isolated on oil vessels in the middle of the Gulf of Mexico, with the only access to the vessels being by helicopter.

15. During his time working on research oil vessels, Antonio has never suffered from any medical problems relating to his diabetes (or otherwise).

16. Antonio has been able to manage his diabetes successfully on the research oil vessels, isolated from access to medical care for over one month at a time.

17. Antonio served in the United States Army Reserve and the National Guard for nine years.

**B.      Application for employment with Defendants**

18. In approximately February 2010, Antonio became aware of openings with Defendants for Emergency Medical Technicians (EMTs) to serve in Kabul, Afghanistan.

19. Specifically, upon information and belief, Defendants were responsible for employing medical staff, including EMTs, at Camp Sullivan in Kabul, Afghanistan.

20. Antonio communicated with several individuals working for Defendants about the process for applying for an EMT position at Camp Sullivan in Kabul, Afghanistan.

21. Antonio was informed that positions were available, and he was offered an EMT position with Defendants, contingent upon his completion of security clearance documentation.

22. One of the documents provided to Antonio contained information on Defendants' policies relating to certain health conditions, including diabetes.

23. In these documents, Defendants stated that individuals with insulin dependence "are not suited for deployment to areas with limited medical resources," but Defendants did not impose an absolute ban on individuals with Type II (non-insulin dependent) diabetes being deployed.

24. During March 2010, individuals employed by Defendants provided Antonio with several forms for him to complete, and he completed all requested forms in a timely manner.

25. At all times, Antonio was informed that he had been hired for the EMT position and that all that remained for him to do prior to starting work was to complete the security clearance paperwork.

26. For example, on March 1, 2010, Antonio received an electronic mail message from Kito James, Security Clearance Processor for Defendants, attaching documents constituting "the security portion of [Antonio's] 'New Hire' packet."

27. On March 3, 2010, Antonio received an electronic mail message from India Moore, Program Specialist for Wackenhut Services, Inc., in which she stated: "Looks like now we are just waiting on word from Dept of State in reference to your MRPT [Moderate Risk Public Trust Security Clearance packet].  We are unable to bring you to a training class until an MRPT determination has been made.  As soon as I receive notification from DoS I will contact you so that we can start coordinating your deployment."

28. During March 2010, while Antonio's security clearance paperwork was pending, individuals employed by Defendants began to raise questions with Antonio about his diabetes.

29. India Moore stated to Antonio that he may be disqualified from the position because of his diabetes.

30. No one employed by Defendants followed up to request more information from Antonio about his diabetes.

31. Antonio sent an electronic mail message to India Moore on March 10, 2010, in which he explained that he is a Type II diabetic, not Type I, meaning that he is not insulin-dependent, and further explained:  "My Type 2 is well controlled and I have

the ability to maintain a supply required during my tours. My Endocrinologist will attest to the fact that I am fit for duty. I also currently work as a remote medic on research vessels very far from any civilized medical treatment. . . I look forward to solving this issue with a positive outcome as I am fit, in shape and able for duty. Please let me know if there is any other information that I may have to assist you in the completion of this employment packet."

32. Antonio then continued to move forward with completing the necessary paperwork for his security clearance.

33. Because the process was taking much longer than anticipated, Antonio sent an electronic mail message to Frank Schaddelee, Project Manager for Defendants at Camp Sullivan in Kabul, Afghanistan on March 24, 2010.

34. In his response electronic mail message on March 25, 2010, Schaddelee asked: "was there any mention from anyone that you were medically disqualified?"

35. Antonio was told that Defendants would not hire him for the EMT position because of his diabetes, and his security clearance paperwork was therefore never processed.

36. Defendants never requested more medical documentation from Antonio, and they never requested that he undergo a medical examination.

37. Instead, Defendants simply denied Antonio the position solely because of his diabetes.

38. Defendants applied an automatic exclusion on Antonio serving as an EMT in Kabul, Afghanistan, without individualized consideration of his particular medical situation.

39.     Though Antonio is qualified to do the job of EMT in Kabul, Afghanistan, with or without reasonable accommodation, Defendants have refused to allow him to perform the job.

## V.      **EXHAUSTION OF ADMINISTRATIVE REMEDIES.**

40.     Antonio has exhausted his administrative remedies by filing his discrimination claims first at the Massachusetts Commission Against Discrimination and at the United States Equal Employment Opportunity Commission on approximately October 18, 2010.

## COUNT I

### (Disability Discrimination – federal law)

Defendants' conduct, as set forth above, constitutes disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112.  This claim is brought pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5.

## COUNT II

### (Handicap Discrimination – Massachusetts law)

Defendants' conduct, as set forth above, constitutes handicap discrimination in violation of Massachusetts General Law Chapter 151B, Section 4(16).  This claim is brought pursuant to Mass. Gen. L. c. 151B § 9.

## JURY DEMAND

Plaintiff requests a trial by jury on all of his claims.

WHEREFORE, the Plaintiff requests that this Court enter the following relief:

1. Instatement in the position described above;

2. Back pay;

3. Front pay;

4. Lost benefits;

5. Emotional distress damages;

6. Punitive damages;

7. Interest;

8. Attorneys' fees and costs; and

9. Any other relief which the Court deems just and proper.

Respectfully submitted,

JOHN PAUL ANTONIO,
By his attorneys,

/s/ Hillary Schwab
Hillary Schwab, BBO #666029
Sara Smolik, BBO #661341
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Dated: February 3, 2011